### Herman E. Davidson *vs.* James R. Nichols & another.

A declaration in an action of tort, which alleges that the plaintiff through his agent procured the defendants to furnish and deliver to him a certain article, and that they negligently and carelessly furnished a different article, and that he sustained an injury by the use of the article furnished, believing it to be that which he ordered, is not sustained by proof that the plaintiff bought the article of a third person who obtained it of the defendants.

Hoar, J. The declaration in this case is in tort; but it sets forth a tort founded upon a breach of contract. It alleges that the plaintiff, through his agent, procured the defendants to furnish and deliver to him a certain article, and that the defendants negligently and carelessly furnished a different article ; and that the plaintiff sustained an injury by the use of one for the other. The answer denies that the defendants furnished anything to the plaintiff, or had any dealings with him. The proof was that the defendants sold to D. D. & A. Geyer, and that the plaintiff bought of them, the package in which the wrong article was put up. This was clearly a variance ; and so it was held on the trial. Whether, upon the facts stated, the plaintiff might not have a good cause of action, with proper averments, we do not intend to intimate. But the manner in which the declaration is framed would preclude inquiry into circumstances which might become very material in determining the liability of the defendants upon the real facts of the case. Upon the pleadings, the question whether the Geyers used due care, for example, in their sale to the plaintiff, would not be in issue. The

ruling of the court having been upon the variance between the allegations and the proof, and being entirely correct, there must be *Judgment on the verdict for the defendants.*

*S. H. Phillips*, for the plaintiff, cited *Scott* v. *Shepherd*, 2 W. Bl. 892; *Thomas* v. *Winchester*, 2 Selden, 397, 405, and cases cited; *Lobdell* v. *Baker*, 3 Met. 471; *Guille* v. *Swan*, 19 Johns. 381; Bul. N. P. 25.

*S. B. Ives, Jr.*, for the defendants, cited *Phillips* v. *Wood*, 1 Nev & Man. 434; *Longmeid* v. *Holliday*, 6 Eng. Law & Eq. R. 562.